IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4167 |
| | : | |
| CHRIS DIROSATO, | : | |
|     Defendant. | : | |

## MEMORANDUM

TUCKER, J.                                                                                                       SEPTEMBER 10, 2020

Plaintiff Jason L. Brown, a frequent litigant in this Court,[1] filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 and § 1985(3) against Chris DiRosato, an Assistant District Attorney in Delaware County.  Brown has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  For the reasons set forth below, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his claims.

## I.     FACTUAL ALLEGATIONS[2]

On December 1, 2003, Brown pled guilty to robbery in the Delaware County Court of Common Pleas, and was sentenced to two to five years of incarceration.  *Commonwealth v.*

---

[1] Brown has a history of filing frivolous cases and has been repeatedly warned that additional frivolous filings might warrant a pre-filing injunction. *See Brown v. GBM 1037, LLC*, Civ. A. No. 19-CV-2133, 2019 WL 2344129, at *3 & n.3 (E.D. Pa. May 31, 2019) (observing that Brown's "twenty-two previously-filed civil actions were all dismissed because they were frivolous, failed to state a claim, failed to comply with Federal Rule of Civil Procedure 8(a), or were otherwise baseless" and warning Brown "that additional frivolous filings may result in filing restrictions, including prohibitions on proceeding *in forma pauperis* in the future"). The Court reminds Brown, again, that the Court may limit his ability to file new cases or limit his ability to proceed *in forma pauperis* if he continues to abuse the judicial process.

[2] The following allegations are taken from Brown's pleadings, exhibits attached thereto, and public dockets.

*Brown*, CP-23-CR-0000151-2003 (C.P. Del.).  Beginning in 2017, Brown filed a series of post-judgment motions in his criminal case, which were denied by the Honorable Richard M. Cappelli.  Brown appealed, and the Pennsylvania Superior Court affirmed Judge Cappelli's rulings.  *See Commonwealth v. Brown*, No. 2741 EDA 2019, 2020 WL 2025910, at *1 (Pa. Super. Ct. Apr. 27, 2020) ("As Brown's sentence was for a maximum of five years' incarceration beginning in December 2003, he is no longer serving his sentence.  He was thus ineligible for PCRA relief, and we affirm the PCRA court's order."); *Commonwealth v. Brown*, No. 2802 EDA 2018, 2019 WL 2070478, at *1 (Pa. Super. Ct. May 9, 2019) ("It is unclear whether [Brown] is seeking expungement of the robbery conviction or the *nolle prossed* charges.  In either case, he has developed no coherent argument upon which we can conclude that the trial court abused its discretion in denying his petition.").  Brown has nevertheless continued to file motions in state court challenging his prosecution and conviction.

   This is not the first civil rights case that Brown has filed in this Court about his Delaware County conviction.  In January 2018, Brown filed a complaint against the Court of Common Pleas for Delaware County, Judge Cappelli, and President Judge Kevin Kelly, asserting that they had violated his rights under the First, Fifth, and Eighth Amendments in connection with his criminal case.  In a February 9, 2018 Memorandum and Order, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint without leave to amend.  *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410, 2018 WL 837592, at *3 (E.D. Pa. Feb. 9, 2018).  Specifically, the Court noted that Brown's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and that any claims challenging his 2003 robbery conviction were not cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Id.* at *2.  The Court also concluded that (1) the Court of Common Pleas for Delaware County was not a "person"

subject to liability under § 1983 and was also entitled to Eleventh Amendment immunity, (2) Brown's claims against Judge Cappelli were barred by judicial immunity, and (3) Brown had failed to describe how President Judge Kelly was responsible for violating his rights.  *Id.* at *3.

Shortly after the dismissal of that case, Brown filed a new civil action naming the Delaware County Court of Common Pleas as the only defendant and claiming that the 2003 conviction violated his rights in various respects.  After granting Brown leave to proceed *in forma pauperis*, the Court dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Brown v. Court of Common Pleas for Delaware Cty.*, Civ. A. No. 18-CV-3043, 2018 WL 3623027, at *4 (E.D. Pa. July 30, 2018).  Specifically, the Court concluded that: (1) Brown had not pled a basis for a claim under 42 U.S.C. § 1985, despite his efforts to invoke that statute; (2) the Court of Common Pleas was not a proper defendant in a § 1983 action; (3) the Court lacked the ability to intervene in Brown's then-pending post-conviction proceedings;  (4) claims based on the proceedings underlying Brown's robbery conviction were not cognizable in a § 1983 action; and (5) to the extent Brown referred to various prosecutors in his complaint, the prosecutors were entitled to absolute prosecutorial immunity from claims based on how they handled Brown's prosecution.  *Id.* at *2-*4.

Brown subsequently filed another civil action based on his underlying criminal proceeding in which he named the Superior Court of Pennsylvania and the Court of Common Pleas as Defendants.  The Court granted Brown leave to proceed *in forma pauperis* and dismissed his complaint as legally frivolous, because "[a]s the Court previously explained to Brown, . . . the Courts of the Commonwealth are not  . . . 'persons' subject to liability under § 1983 and, in any event, as entities of the Commonwealth are entitled to Eleventh Amendment

immunity from Brown's claims." *Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132, 2019 WL 2331465, at *2 (E.D. Pa. May 29, 2019).

Most recently, Brown filed a civil rights action against Judge Cappelli based on Judge Cappelli's denial of his post-judgment motions. After granting Brown leave to proceed *in forma pauperis*, the Court dismissed his Complaint in its entirety. The Court concluded that: (1) the *Rooker-Feldman* doctrine deprived the Court of jurisdiction to review Judge Cappelli's rulings; (2) Judge Cappelli was entitled to absolute judicial immunity from Brown's claims; and (3) *Heck*, 512 U.S. at 486-87 barred certain of Brown's claims from proceeding because success on his claims would have implied the invalidity of his intact convictions. *See Brown v. Cappelli*, Civ. A. No. 20-2810, 2020 WL 4284280, at *3-*5 & n.5 (E.D. Pa. July 27, 2020). The Court also denied Brown's repeated motions for summary judgment.

Brown filed the instant case against DiRosato less than a month after the dismissal of his case against Judge Cappelli. Shortly after filing his Complaint in this matter, Brown filed an "Amended Complaint and Request for Injunction and Recovery of Damages" (hereinafter "Amended Complaint").[3] (*See* ECF Nos. 2 & 4.) The basis for Brown's civil rights claims is his assertion that the state court either lacked jurisdiction or venue over his criminal case because he was forced to waive his preliminary hearing and because of errors in the record, all of which caused his wrongful conviction and imprisonment. It appears DiRosato prosecuted the charges

---

[3] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)). Accordingly, the Court will address the Amended Complaint as Brown's operative pleading.

against Brown before the Magisterial District Judge; Brown alleges DiRosato mishandled those proceedings, allegedly causing the errors that led to his improper conviction.[4] (ECF No. 4 at 1-2, 10, 27-29.)  Brown asks this Court to find that his rights were violated in his criminal proceeding and to "grant injunctive relief ordering the defendant to dispose of the such criminal records and remove such conviction from the Pennsylvania Unified Judicial System Database for the common pleas court who does not have proper jurisdiction over the charges or guilty plea conviction." (*Id.* at 11.)  Brown also seeks damages for his imprisonment. (*Id*. at 11-12.)

## II.     STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[4] Although it is not the operative pleading, Brown's initial Complaint supports this reading, as he alleged there that DiRosato "was negligent in his legal duties 17 years a go [sic] as a commonwealth attorney in a state criminal matter which wrongfully imprisoned [him] for two years of [his] life." (ECF No. 1 at 4.)

(quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id.*  The Court may also consider matters of public record in determining whether a plaintiff states a claim.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Brown is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

Brown's claims fail because they are not cognizable in a civil rights action.  "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  That is so even if *habeas* relief is no longer available to the litigant.  *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available."); *see also Fields v. Venable*, 674 F. App'x 225, 228 n.4 (3d Cir. 2016) (per curiam) ("*Heck's* favorable termination requirement applies even when there is no further possibility of a successful habeas petition").  This principle applies equally to

claims brought under § 1985.  *See Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam) (civil rights claims under § 1985 and § 1986 were barred by *Heck*); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985 and 1986.").

Brown's conviction has not been invalidated.  Accordingly, as success on Brown's claims against DiRosato would necessarily imply the invalidity of that conviction, his claims are not cognizable in a civil rights action.[5]  *See Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) (per curiam) ("To the extent that Donahue sought to use a civil rights action to obtain equitable relief – *i.e.*, to have the District Court overturn his state court sentences – his claim is barred by *Heck*.").

Brown's claims fail for other reasons as well.  This Court may not intervene in Brown's state criminal proceedings, which appears to be the primary injunctive relief he seeks.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Furthermore, prosecutors are entitled to absolute immunity from damages claims under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  As Brown's claims against DiRosato are based on how he handled the prosecution of Brown's criminal case, DiRosato is entitled to absolute prosecutorial immunity here.

---

[5] Brown has in any event failed to state a basis for a claim under § 1985(3).  To state a plausible claim under § 1985(3) a plaintiff must allege the following elements:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).  Brown's Amended Complaint does not allege any facts from which it could be plausibly inferred that DiRosato participated in a race-based conspiracy against him.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice in its entirety.[6] Brown will not be given leave to amend, because amendment would be futile. An appropriate Order follows.

BY THE COURT:

/s/Petrese B. Tucker

**PETRESE B. TUCKER, J.**

---

[6] Dismissals of claims barred by *Heck* must be without prejudice to reassertion in the event the litigant's conviction is invalidated. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Here, however, there are reasons in addition to *Heck* why Brown's claims fail. Since Brown could not cure these other defects in his claims even if his conviction were invalidated, dismissal with prejudice is appropriate here.